IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

SARAH TARVER,

    Plaintiff,

v.                                          C.A. No.:   7:21-cv-230

SAI SHRADDHA, LLC, D/B/A SUPER 8 MOTEL,
and ALAN HERIG,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SARAH TARVER (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, sues Defendants, SAI SHRADDHA, LLC, D/B/A SUPER 8 MOTEL, and ALAN HERIG (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1. This is an action by Plaintiff against her employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seek damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

### JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331,

as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, SAI SHRADDHA, LLC, D/B/A SUPER 8 MOTEL, has offices and conducts business Midland County, Texas.

## THE PARTIES

4. Plaintiff, SARAH TARVER, is an individual residing in Midland County, Texas.

5. Plaintiff, SARAH TARVER, has been employed by Defendants from August 14, 2021, until the present, as a Front Desk Clerk at the regular rate of $10.00 per hour. Plaintiff's principle duties are checking in/out guests; answering telephone calls; providing guests with direction to their rooms; informing guests of all on-site amenities; taking call-in and walk-in reservations; sending and receiving facsimiles; and processing payments.

6. Plaintiff's job activities included such activities as transacting business across state lines via interstate telephone calls, interstate facsimiles, and handling credit card transactions that involve the interstate banking and finance systems.

7. Defendant, SAI SHRADDHA, LLC, D/B/A SUPER 8 MOTEL, is a domestic limited liability company organized under the laws of the State of Texas

and maintains offices in Midland County, Texas.

8. Defendant, SAI SHRADDHA, LLC, D/B/A SUPER 8 MOTEL, is a company that is primarily engaged in the operations of hotels, and is a covered employer as defined by 29 U.S.C. § 203(d).

9. Defendant, SAI SHRADDHA, LLC, D/B/A SUPER 8 MOTEL, has two or more employees and sales or business done in excess of $500,000.00 per year.

10. Defendant, ALAN HERIG, is an individual residing in Midland County, Texas.

11. Defendant, SAI SHRADDHA, LLC, D/B/A SUPER 8 MOTEL, Plaintiff has been paid sporadically for the work she performed while employed by the Defendant.

12. During Plaintiff's employment with Defendants, Defendant, SAI SHRADDHA, LLC, D/B/A SUPER 8 MOTEL, has provided Plaintiff one handwritten check in the amount of $500.00 and $300.00 in cash. Defendant, ALAN HERIG, personally wrote Plaintiff a check for $706.00 on one occasion. Other than these payments, Plaintiff has not received any compensation for her work.

13. Defendant, ALAN HERIG, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, SAI SHRADDHA, LLC, D/B/A SUPER 8 MOTEL, in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

14. Defendant, ALAN HERIG, (1) possessed the power to hire and fire Plaintiffs, (2) supervised and controlled employee work schedules or conditions of employment of Plaintiff, (3) determined the rate and method of payment to Plaintiff, and (4) maintained employment records of Plaintiff.

15. At all times material to this Complaint, Defendants were the employer of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for her employment.

16. Plaintiff worked numerous workweeks wherein she worked in excess of 40 hours in workweek. Defendants required Plaintiff to work 7 days a week. Plaintiff's typical schedule was 11:00 p.m. to 8:00 a.m., Monday through Friday, and 8:00 p.m. to 8:00 a.m., Saturday through Sunday.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

17. Plaintiff re-alleges and incorporates herein paragraphs 1-15, *supra*.

18. Plaintiff 1) occupied the position of Front Desk Clerk; 2) did not hold a position considered as exempt under the FLSA; and, 3) was not paid for her overtime hours worked.

19. Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

20. Plaintiff was not paid for her work in excess of 40 hours in a workweek in accordance with the FLSA.

21. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

22. The work schedules for the Plaintiff required her to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

23. Defendants' policy of not properly paying Plaintiff minimum wage and/or overtime under the FLSA was willful.

24. Defendants either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

25. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

26. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

27. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by

bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff demand Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE MINIMUM WAGE PROVISIONS UNDER FLSA

28. Plaintiff, SARAH TARVER, re-alleges and incorporates herein paragraphs 1-15 above.

29. Plaintiff worked for Defendants but was not paid the minimum wage of $7.25 per hour for all hours worked during the workweek.

30. Defendants failed to act in good faith and/or reasonably in their efforts to comply with the FLSA; thus, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid minimum wages pursuant to 29 U.S.C. § 216(b).

31. Defendants have willfully failed to pay Plaintiff minimum wages.

Defendants either knew, or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

32. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation.

33. As a result of Defendant's unlawful conduct, Plaintiff, SARAH TARVER, is entitled to actual and compensatory damages, including the amount of minimum wages which were not paid, but should have been paid.

34. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, SARAH TARVER, demand Judgment, jointly and severally, against Defendants, SAI SHRADDHA, LLC, D/B/A SUPER 8 MOTEL, and ALAN HERIG, for the following:

    a. Unpaid minimum wages found to be due and owing;

    b. An additional amount equal to the amount of unpaid minimum wage found to be due and owing as liquidated damages;

    c. Prejudgment interest in the event liquidated damages are not awarded;

    d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## COUNT III
## VIOLATION OF THE TEXAS MINIMUM WAGE ACT

35. Plaintiff, SARAH TARVER, re-alleges and incorporates herein paragraphs 1-15 above.

36. This is an action for violation of the Texas Minimum Wage Act, TEX. LABOR CODE § 62 ("TMWA"), to recover unpaid minimum wages, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendants.

37. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a).

38. Defendants are subject to the TMWA because, during all times relevant to this Complaint, they both qualified under TEX. LABOR CODE § 62.002(6) as employers because they were persons acting directly or indirectly in the interest of an employer in relation to an employee.

39. Defendants were substantially in control of the terms and conditions of the Plaintiff's work in Montgomery County.

40. Defendants directed Plaintiff in the performance of her duties.

41. Defendants handled or caused to be handled various human resources functions, had the ability to hire and/or fire employees, and at all times acted as Plaintiff's "employer."

42. Plaintiff qualifies as an employee because she was an individual employed by Defendants since she was permitted to work.

43. The TMWA requires an employer to pay each employee the federal minimum wage of $7.25 per hour worked under the Fair Labor Standards Act of 138, 29 U.S.C. § 206.

44. Defendants acted willfully and in conscious disregard of the law and of Plaintiff's rights under the TMWA.

45. As a result of the unlawful conduct of Defendants, Plaintiff is entitled to recover from Defendants actual and compensatory damages, including all unpaid minimum wages owed to Plaintiff.

46. Under the provisions of the TMWA, TEX. LABOR CODE § 62.201, Defendants are liable to Plaintiff not only for unpaid minimum wages but also for an additional equal amount as liquidated damages.

47. Under the provisions of the TMWA, TEX. LABOR CODE § 62.205, Plaintiff is entitled to compensation from Defendants of the out-of-pocket expenses and costs of court she has incurred and will incur in this action and reasonable attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, SARAH TARVER, demands Judgment, jointly and severally liable, against Defendants, SAI SHRADDHA, LLC, D/B/A SUPER 8 MOTEL, and ALAN HERIG, for the

following:

    a.    Unpaid minimum wages found to be due and owing;

    b.    An additional amount equal to the amount of unpaid minimum wage found to be due and owing as liquidated damages;

    c.    Prejudgment interest in the event liquidated damages are not awarded;

    d.    Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to TEX. LABOR CODE § 62.205 and Rule 54(d) of the Federal Rules of Civil Procedure; and,

    e.    For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demand a jury trial on all issues so triable.

Respectfully submitted this December 3, 2021,

        **ROSS • SCALISE LAW GROUP**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawpc.com

        _____

        Texas Bar No. 24064621
        **DANIEL B. ROSS**
        Texas Bar No. 789810

        **ATTORNEYS FOR PLAINTIFF**

## **VERIFICATION**

    I, SARAH TARVER, Plaintiff in this action, have read the above and foregoing Verified Complaint and Demand for Jury Trial and the factual statements contained herein are within my personal knowledge, and under penalty of perjury that the foregoing is true and correct.

                                                              _____
                                                              SARAH TARVER, Plaintiff

    EXECUTED on this the \_\_\_ day of _____, 2021.